In re PLIMOTH MANAGEMENT, INC., Debtor.

Herbert C. KAHN, Trustee, Plaintiff, Appellee,

v.

Michael BETTE, Defendant, Appellant.

BA No. 87–534–T.

United States District Court, D. Massachusetts.

Aug. 26, 1987.

Paul R. Savage, Springfield, Mass., Daniel J. Smitas, Albany, N.Y., for plaintiff, appellee.

Richard G. McKenzie, Kahn & McKenzie, Boston, Mass., for defendant, appellant.

## MEMORANDUM

TAURO, District Judge.

In an adversary proceeding, the bankruptcy judge ruled that a $32,908.81 payment by the debtor to appellant Michael Bette constituted a preferential transfer under 11 U.S.C. § 547(b),[1] 68 B.R. 730. Mr. Bette brings this appeal seeking reversal of that decision by the bankruptcy court.

### I.

Michael Bette is a principal of Barry, Bette & Led Duke ("BBL"), a construction company. In the Spring of 1985, BBL was the general contractor on a construction project for the State of New York. BBL contracted with Plimoth Management, Inc., ("PMI" or "Debtor") to supply certain labor and materials for the project. After PMI had been on the job a short time, it requested that BBL pay PMI on a weekly basis, rather than monthly as provided by contract. Appellant, on behalf of BBL, agreed, and designated the weekly payments as "reimbursing PMI for his payroll costs weekly as against future drawdowns on requisitions."

Shortly before May 28, 1985, BBL was served with a restraining order by a creditor of PMI. The order forbade BBL from paying any further monies to PMI. Knowing that PMI would have difficulty meeting its payroll, on May 28 appellant personally

---

1. Section 547(b) provides:

Except as provided in subsection (c) of this section the trustee may avoid any transfer of an interest of the debtor in property—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;

(4) made—
  (A) on or within 90 days before the date of the filing of the petition;

   .     .     .     .     .

(5) that enables such creditor to receive more than such creditor would receive if—
  (A) the case were a case under chapter 7 of this title;

   .     .     .     .     .

provided PMI $32,908.81. At the same time, appellant and PMI executed a document that purports to assign to appellant $32,908.81 owing from BBL to PMI. When the restraining order was lifted a short time later, BBL and PMI resumed normal operations.

Payment pursuant to the purported assignment did not take place until September 10, 1985. Rather than taking payment directly from BBL pursuant to the assignment, appellant directed BBL to issue PMI a check for $32,908.81, and appellant directed PMI to issue a check to himself in the same amount and at the same time. PMI declared bankruptcy three days after it issued the check to appellant. In the bankruptcy adversary proceeding, the trustee sought to avoid PMI's $32,908.81 payment to appellant.

## II.

Section 547(b) of Title 11 allows the trustee to recoup preferential transfers for the benefit of all the debtor's creditors. That section defines a preference as a transfer of the debtor's property to a creditor, for or on account of an antecedent debt, made during the 90 day period preceding the debtor's petition and while the debtor is insolvent, that allows the creditor to receive more than it would recover in a Chapter 7 liquidation.[2] Section 547(g) places the burden of proving each element of a preference on the trustee.[3] Section 547(b) also exempts so-called contemporaneous exchanges from the rule that the trustee may avoid preferences. The elements of the contemporaneous exchange exception are set forth in section 547(c)(1), and section 547(g) places the burden of proving the elements of a contemporaneous exchange on the creditor that seeks to retain the debtor's property.

At the hearing on this matter in the bankruptcy court appellant contested only whether the transfer from the debtor was for or on account of an antecedent debt. Appellant argued that the transaction was a "contemporaneous assignment". The trustee maintained that the transaction was a loan, secured by the debtor's accounts receivable, that appellant failed to perfect.[4] At the conclusion of the hearing, the bankruptcy judge indicated that the central issue in the case was whether the May 28 transaction was an assignment or a secured loan. If the transaction was an assignment, the transfer by the debtor three days before filing was not for or on account of an antecedent debt. If the transaction was an unperfected secured loan, the transfer of debtor funds was on account of an antecedent debt and would, therefore, constitute a voidable preference.

Pursuant to this understanding of the relevant issues in the case, the bankruptcy judge should have placed on the trustee the burden of proving that the May 28 transaction was a loan. The Memorandum on Preferential Payment, however, indicates that the court placed the burden of proving the nonavoidability of the transfer on appellant. The bankruptcy court apparently believed that appellant could retain the payment only if he carried the burden of proving that the transfer was a contemporaneous exchange within the meaning of § 547(c)(1). In the context of this case, this meant that appellant bore the burden of proving that the May 28 transaction was an assignment rather than a loan.

This court finds that the bankruptcy court was mistaken in its allocation of the burden of proof. Requiring that appellant bear the burden of proving the existence of an assignment amounted to requiring appellant to disprove the existence of an antecedent debt. The trustee, however, must demonstrate the existence of an antecedent debt. The creditor need not even attempt to prove the elements of the contemporaneous exchange exception until the trustee

---

2. See note 1, *supra*

3. Section 547(f), however, creates a rebuttable presumption that the debtor was insolvent during the 90 days immediately preceding the date of the petition.

4. Appellant argues, alternatively, that the May 28 transaction was a secured loan and was automatically perfected. In light of this court's holding, the court need not consider this argument.

demonstrates each element of a voidable preference. The bankruptcy court forced appellant to prove the elements of an exception to the preference rule before the trustee proved that a preference existed.

### III.

The next issue is whether the result of the proceedings in the bankruptcy court would have been different if the court had placed on the trustee the burden of proving that the transfer of the debtor's funds was on account of an antecedent debt.

The documentary and testimonial evidence bearing on whether the May 28 transaction was an assignment or a secured loan was equivocal. The bankruptcy judge concluded that "the facts do not weigh heavily in either direction." This court agrees with the bankruptcy court's assessment of the evidence. Although the operative document used language of assignment, it also refered to a loan of monies. Appellant testified that he intended an assignment, but the principal of the debtor testified that he believed he was indebted to appellant. The debtor's principal also testified, however, that he believed he had no interest in $32,908.81 owing from BBL to PMI upon execution of the document. This testimony is consistent with an assignment. The fact that appellant did not charge interest on the sum also supports a finding of an assignment. The method of repayment, however, resembles the retirement of a debt. Appellant testified that he engaged in the check cutting on September 10 because he was afraid that it would look improper if he wrote a check to himself from his own company.

The Memorandum on Preferential Payment indicates that the bankruptcy judge was unable to determine on the basis of the evidence whether the May 28 transaction was an assignment or a secured loan. The bankruptcy judge ruled in favor of the trustee because of the allocation of the burden of proof. Had the bankruptcy judge placed the burden of proving the existence of an antecedent debt on the trustee, the result below would have been different. The misallocation of the burden of proof, therefore, was not harmless, and the decision below must be reversed.

It is so ordered.

### ORDER

For the reasons set forth in the accompanying memorandum, the decision of the bankruptcy court finding the $32,908.81 payment by the debtor to appellant a preference within the meaning of 11 U.S.C. § 547(b) is reversed.

It is so ordered.